HON. LOUIS J. MUSTICO County Attorney, Chemung County
This is in response to a letter received from Thomas Sullivan, Deputy County Attorney, wherein he requested the opinion of this office as to whether deputy sheriffs are considered members of a police force within the provisions of section 207-c of the General Municipal Law.
Section 207-c of the General Municipal Law provides for the payment of salary, wages, medical and hospital expenses of certain policemen injured in the performance of their duties. The statute's applicability extends to "[a]ny member of a policeforce of any county, city of less than one million population, town or village * * *" (emphasis supplied). Therefore, since the jurisdiction of the sheriff is county-wide, the question becomes whether a deputy sheriff is deemed to be a member of the county police force of the county which he serves.
This office has previously had an opportunity to consider whether sheriffs and their deputies were considered members of a police force (see, 1971 Atty. Gen. [Inf.] 131, copy enclosed). That situation involved an interpretation of section 426 of the Election Law, which prohibits certain political activity by "an officer or member of any police force in this state * * *." We concluded in that opinion that sheriffs, undersheriffs and deputy sheriffs are not members of a police force within the meaning of that statute, citing Matter of Gretzinger v. Board ofElections of Monroe County (Sup.Ct., Monroe Co., June 4, 1970, unreported, affd. 34 A.D.2d 1095), and previous opinions of this office.
In the present instance, we are asked to interpret a phrase of almost identical wording; namely, "police force of any county." Therefore, we feel that the reasoning contained in the enclosed opinion can be applied to section 207-c of the General Municipal Law in the same manner as we have applied it to section 426 of the Election Law. Further support for this conclusion is contained in section 1.20 (34) of the Criminal Procedure Law, defining a police officer, which provides, in pertinent part, as follows:
 "34. `Police officer.' The following persons are police officers:
* * *
 "(b) Sheriffs, under-sheriffs and deputy sheriffs of counties outside of New York City;
 "(c) A sworn officer of an authorized county or county parkway police department;"
The above definition indicates that the Legislature makes a distinction between a county police department and the employees of the sheriff's office.
In light of the foregoing, we conclude that deputy sheriffs are not members of a police force of a county within the meaning of section 207-c of the General Municipal Law.